**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD WALTER JOHNSON,

    Plaintiff-Appellant,

v.

RICHARD ALLEN WESTFALL;
WILLIAM "BILL" OWENS; JOHN
W. SUTHERS; CURTIS W. DEVIN,
John and Jane Does 1 to Infinity
(3,200 +); ARISTEDES ZAVARAS;
ROBERT CANTWELL; SOLOMAN
TRUJILLO; HARWOOD, El Paso
D.A.; GALE NORTON; KENNETH
SALAZAR; THOMAS MEEK; ROY
ROAMER, Governor; MILTON
TRUJILLO; GENE ATHERTON,

    Defendants-Appellees.

No. 99-1363

(D.C. No. 99-Z-1170)
(D.Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).   The case is therefore ordered submitted without oral argument.

Richard Walter Johnson appeals the district court's denial of his petition for habeas corpus and dismissal of his civil rights action.  We deny Johnson's motion to proceed on appeal in forma pauperis and affirm the district court's order.

Johnson, who is imprisoned in federal jail in Colorado, filed an application for habeas corpus and a pleading entitled "Action in the Nature of a Trover for Recovery of Damages Due to a Constructional Tort."  The district court determined the filings were deficient, ordered the clerk to begin a civil action for Johnson, and directed Johnson to cure the enumerated deficiencies.  Johnson then filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, a Prisoner's Civil Rights Complaint, and an affidavit.  Johnson did not file a habeas corpus application or an in forma pauperis motion.  The district court construed the filings as a civil rights action and granted Johnson's § 1915 motion.

The district court determined that Johnson's action failed to comply with Fed. R. Civ. P. 8(a), which requires a plaintiff to set forth a short and plain statement of his claims for relief in his pleading.  After the district court ordered Johnson to comply with Rule 8(a), he filed a Supplemental Prisoner's Motion and

2

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, a Supplemental Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, another affidavit, and a Prisoner's Civil Rights Complaint. The district court found Johnson still had failed to comply with Rule 8(a), denied Johnson's habeas application, dismissed his civil rights action, and denied Johnson leave to proceed on appeal in forma pauperis.

On appeal, Johnson merely refers to his filings with the district court and he provides no clarification of his claims or arguments regarding alleged errors by the district court. We agree with the district court's conclusion that Johnson's multitude of filings continue to fail to set forth a short and plain statement of his claims for relief as required by Rule 8(a). As a habeas corpus petition, Johnson's filings likewise contain no claims for relief. After a careful review of the record, we conclude that the district court did not err in dismissing the action.

Johnson's application to proceed on appeal in forma pauperis is DENIED and the order of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge